IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VS.                           CRIMINAL NO. 2:04-cr-23(DCB)(JMR)

CORNELIUS DEWAYNE SMITH

ORDER

This cause is before the Court on the defendant Cornelius Dewayne Smith's pro se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) **(docket entry 46)**. Having carefully considered the motion and the record in this case, the Court finds as follows:

On November 2, 2004, the defendant pleaded guilty to possession with intent to distribute in excess of 50 grams of cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1). On January 12, 2005, the United States Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), which instructed the district courts to read the United States Sentencing Guidelines as "effectively advisory." Id. at 224. The Court sentenced Smith on March 7, 2005, utilizing the Sentencing Guidelines in an advisory capacity. At sentencing, the Court determined that the drug quantities attributable to the defendant yielded a base offense level of 32. After appropriate adjustments, Smith's total offense level was also set at 32 which, in conjunction with his criminal history category of III, yielded a

Guidelines range of 151 to 188 months.  After considering the factors set forth in 18 U.S.C. § 3553(a), the Court arrived at a final sentence of 155 months.

In November of 2007, Amendment 706 to the Guidelines became effective, reducing the base offense levels applicable to certain crack cocaine offenses by two levels.  On December 10, 2007, the Supreme Court decided <u>Kimbrough v. United States</u>, 128 S.Ct. 558 (2007), holding that, in light of <u>Booker</u>, "the cocaine Guidelines, like all other Guidelines, are advisory only," and that a district court may deviate from the advisory Guidelines range for crack cocaine offenses based on a conclusion that the disparity between ranges for crack and powder cocaine results in a sentence greater than necessary to achieve the sentencing goals of § 3553(a).  <u>Id</u>. at 564.  On December 11, 2007, one day after <u>Kimbrough</u> was decided, the Sentencing Commission voted to make Amendment 706 retroactive, effective March 3, 2008.

On August 11, 2008, a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) was filed on the defendant's behalf by George L. Lucas of the Federal Public Defender Office, seeking a reduction under Amendment 706.  On March 5, 2009, the Court entered an Order granting Smith's § 3582(c)(2) motion.  The Court determined that Smith was eligible for a two-level reduction in his offense level pursuant to the retroactive application of Amendment 706, which lowered his total offense level to 30 and

produced an amended Guidelines range of 121 to 151 months. After again considering the factors set forth in 18 U.S.C. § 3553(a), the Court arrived at a final sentence of 124 months.

In his present pro se motion, the defendant seeks further sentence reductions pursuant to § 3582(c)(2). In particular, he seeks "to modify his sentence to a variant level sufficient enough to satisfy the § 3553(a) factors due to other important facts of this case, the Unconstitutionality of the Guidelines, and the harshness of the 100:1 ratio of crack/powder cocaine." Defendant's Motion, p. 1.

Smith's first argument is that the Supreme Court in Booker, by declaring the Sentencing Guidelines unconstitutional in their mandatory capacity, foreclosed their application in an advisory capacity as well. To the contrary, Booker excised only those provisions in the Guidelines that rendered the system mandatory, specifically leaving the Guidelines in place in an advisory capacity. While finding the Guidelines incompatible with the Sixth Amendment when mandatory and binding, the Supreme Court nevertheless found that "merely advisory provisions ... would not implicate the Sixth Amendment." Id. at 233. Since the Court in Smith's case applied the Guidelines in an advisory capacity only, Smith's argument is without merit. Furthermore, Smith's claim is not properly before the Court on a § 3582(c)(2) motion. Title 18 U.S.C. § 3582(c)(2) only authorizes a sentence reduction where "a

defendant ... has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."

The defendant next asks the Court to further reduce his sentence using the discretion, recognized by <u>Kimbrough</u>, to deviate from the advisory Guidelines range for crack cocaine offenses, including the 100:1 ratio of crack/powder cocaine. Since this claim does not involve an amended Guideline made retroactively applicable by the Sentencing Commission, Smith's <u>Kimbrough</u> challenge is not cognizable under § 3582(c)(2).

Smith contends that he is entitled to a reduction of his sentence because the Court made factual determinations at his sentencing that were neither found by a jury nor admitted by the defendant. Such a claim, made pursuant to <u>Booker</u>, is not cognizable under § 3582(c)(2) because it is based on a Supreme Court decision and not a retroactive Guidelines amendment. <u>United States v. Davis</u>, 187 Fed.Appx. 377, 2006 WL 1751210 *1 (5th Cir. June 21, 2006).

Finally, Smith invokes Rule 35(b) of the Federal Rules of Criminal Procedure, which provides that a district court, on motion by the government, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation and prosecution of another person who has committed an offense. Rule 35(b) authorizes the government, not the defendant, to file a

4

motion seeking a reduced sentence.  The government has not filed a Rule 35(b) motion.  "The government's refusal to move for a reduction of sentence is not reviewable by the district court absent a 'substantial threshold showing' that the decision is based on an unconstitutional motive." United States v. Campbell-Allison, 176 Fed.Appx. 470, 2006 WL 997326 *1 (5th Cri. April 11, 2006) (citing Wade v. United States, 504 U.S. 181, 185-86 (1992)).  The defendant has made no such showing.  In fact, as reflected in this Court's Order denying the defendant's § 2255 motion, the defendant's plea agreement states that the government retains the sole discretion to determine whether he has provided substantial assistance, and the government has represented that to date, the defendant has not provided such assistance. Order of September 30, 2009, p. 11.  Accordingly,

IT IS HEREBY ORDERED that the defendant Cornelius Dewayne Smith's pro se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) **(docket entry 46)** is DENIED.

SO ORDERED, this the 28th day of October, 2009.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE